UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 22-110

XAVIER JOHNSON                                    SECTION: "P" (4)

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Continue Restitution Hearing (R. Doc. 98) filed by the United States of America and unopposed by the defendant, Xavier Johnson, wherein the Government seeks to continue the restitution hearing, which is currently set for February 9, 2025, because the Government only very recently received evidence concerning the amount of restitution owed, necessitating time to review that evidence.

In July 2025, Mr. Johnson pled guilty to carjacking and felon in possession of a firearm.[1] On December 2, 2025, he was sentenced to 132 months' and 120 months' imprisonment, to run concurrently, followed by concurrent terms of five and three years of supervised release.[2] During the sentencing, the Court stated that restitution was mandatory to the two victims of the carjacking, J.F. and T.C., pursuant to the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A. The Court, however, deferred ordering the amount of restitution owed to each victim. As to J.F., the U.S. Probation Office had not received any information regarding the amount of his losses, so J.F.'s losses were not ascertainable at the time of sentencing.[3] As to T.C., the Final Presentence Investigation Report ("PSR") contained information regarding the amount of T.C.'s losses, but Mr. Johnson requested a hearing to review the documentation supporting what was

---

[1] R. Doc. 68.
[2] R. Doc. 92.
[3] R. Doc. 80 ¶¶ 20–21.

contained in the Final PSR.  Thus, the Court set a restitution hearing for February 10, 2026—70

days after the sentencing—for a final determination of each victim's losses.[4] Now, having just

received copies of J.F.'s medical records, the Government requests a continuance of 30 days.

The Government's request for a 30-day continuance implicates Title 18, United States

Code, Section 3664(d)(5), which maintains a 90-day post-sentencing "deadline" for the final

determination of restitution. Section 3664(d)(5) states:

> If the victim's losses are not ascertainable by the date that is 10 days prior to
> sentencing, the attorney for the Government or the probation officer shall so inform
> the court, and the court shall set a date for the final determination of the victim's
> losses, *not to exceed 90 days after sentencing*.[5]

But "[i]t is settled law that 'a sentencing court that misses the 90-day deadline [in 18 U.S.C.

§ 3664(d)(5)] nonetheless retains the power to order restitution—at least where, as here, the

sentencing court made clear prior to the deadline's expiration that it would order restitution,

leaving open (for more than 90 days) only the amount.'"[6]

Here, this Court explicitly stated during the sentencing hearing that restitution was

mandatory pursuant to the MVRA, and its discourse concerning restitution during that hearing

indicates that it had every intention of ordering restitution for both victims at the sentencing but

was precluded from doing so due to the lack of information as to the amount owed to J.F. and to

Mr. Johnson's request to review the documentation supporting the amount owed to T.C.[7] Thus, at

---

[4] R. Doc. 92.

[5] (emphasis added).

[6] *United States v. Gurrola*, 898 F.3d 524, 542 (5th Cir. 2018) (citing *Dolan v. United States*, 560 U.S. 605, 611 (2010); *United States v. Bell*, 514 F. App'x 423 (5th Cir. 2013)).

[7] *See Dolan*, 560 U.S. at 608, 621 (affirming decision that sentencing court had authority to order restitution after § 3664(d)(5)'s 90-day deadline expired when, at the sentencing hearing, the sentencing court was aware that restitution was "mandatory" but found there was "insufficient information on the record" at the time of sentencing regarding "possible restitution payments that may be owed" and stated that defendant could "anticipate that such an award will be made in the future").

the sentencing hearing, the Court "made clear" that it is ordering restitution, "leaving open . . . only the amount."

Further, in *United States v. Dolan*, the U.S. Supreme Court stated that § 3664(d)(5) "seeks speed primarily to help the victims of crime," as the MVRA's primary substantive purpose is "to ensure that victims of a crime receive full restitution."[8] Thus, where a restitution hearing is held past the statute's 90-day deadline because of a delay in the receipt of information regarding the amount owed to the victim, that "late" hearing is nonetheless furthering the purpose of the statute. Accordingly, even though the date for a final determination of J.F.'s and T.C.'s losses will occur past § 3664(d)(5)'s "90-day deadline,"

**IT IS ORDERED** that the motion is **GRANTED**, and the restitution hearing in this matter is **CONTINUED** from February 10, 2026, to **March 10, 2026, at 10:00 a.m.**

New Orleans, Louisiana, this 9th day of February 2026.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[8] 560 U.S. 605, 612–13 (2010).